# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2744-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY M. PERRONE,

    Defendant-Appellant.

_____

        Submitted August 1, 2018 — Decided August 6, 2018

        Before Judges Hoffman and Currier.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Indictment Nos.
        13-11-3189, 14-01-0127 and Accusation No. 14-
        06-1838.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Joseph Anthony Manzo,
        Designated Counsel, on the brief).

        Mary Eva Colalillo, Camden County Prosecutor,
        attorney for respondent (Kevin J. Hein,
        Assistant Prosecutor, of counsel and on the
        brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Anthony M. Perrone appeals from the denial of his petition for post-conviction relief (PCR), asserting he was entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel. After reviewing his contentions in light of the record and applicable principles of law, we reverse and remand for an evidentiary hearing.

In June 2014, defendant entered into a negotiated plea agreement to resolve three separate criminal cases. He pled guilty to third-degree charges of attempted burglary, N.J.S.A. 2C:5-1/2C:18-2(a)(1), from one indictment, and possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1), from a second indictment. Defendant also pled guilty to a third-degree accusation charge of endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

Defendant was sentenced to four-year concurrent sentences on each conviction. He was also ordered to comply with Megan's Law and was subject to Parole Supervision for Life (PSL) under N.J.S.A. 2C:43-6.4. Defendant did not take a direct appeal.

In February 2016, defendant filed a PCR petition seeking to withdraw his plea and alleging his counsel was constitutionally ineffective. In addition to other arguments, he asserted counsel failed to fully explain the consequences of his plea to endangering the welfare of a child, contending he was not advised of the

requirements of PSL.  In an oral decision issued January 20, 2017, the trial judge denied the PCR petition, finding defendant had reviewed and acknowledged the reporting requirements on the plea forms.  The court also denied the motion to withdraw the guilty plea.

Defendant presents the following points on appeal:

> POINT I:  BECAUSE DEFENSE COUNSEL WAS INEFFECTIVE BY NOT EXPLAINING TO THE DEFENDANT THE PENAL AND COLLATERAL CONSEQUENCES OF HIS PLEA TO ENDANGERING THE WELFARE OF A MINOR, THE COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
>
> > A)  Ineffectiveness of counsel with respect to the Parole Supervision for Life Statute.
> >
> > B)  Ineffectiveness of counsel with respect to the Sexually Violent Predator Act.
>
> POINT II:  COUNSEL WAS INEFFECTIVE BY NOT SEEKING TO WITHDRAW THE PLEA, WHEN EVIDENCE SURFACED THAT THE WITNESS LIED ABOUT THE WITNESS TAMPERING INCIDENT.
>
> POINT III: BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

In a pro se supplemental brief, defendant adds the following:

> POINT I:  THE TRIAL COURT ERRED IN DENYING POST-CONVICTION RELIEF WHEN DEFENDANT PETITIONED THE COURT TO WITHDRAW HIS PLEA AND REQUEST TO PROCEED TO TRIAL BECAUSE A[]

PROPOSITION DOES NOT SATISFY THE ELEMENTS OF
THE STATUTE.

> B.  Trial Counsel Was Ineffective
> For Not Filing A Motion To Withdraw
> Plea Based On Ill-Advice And An
> Error In The Pre-Sentence Report.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (1987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

In certifications presented by defendant and his wife to support his PCR petition, defendant maintained he advised trial counsel he was innocent of the child endangerment charges and would not accept any plea that would place restrictions on his ability to travel, as his self-employment required travel to

Pennsylvania, Delaware, and within New Jersey. He also stated he resided across the street from two elementary schools and he would not have entered into a plea agreement that placed restrictions on where he could reside.

Defendant further contends he was told by trial counsel that PSL only entailed reporting to local authorities once a year and registering under Megan's Law. As a result, he accepted the endangering the welfare of a child plea. When reviewing the questions on the plea forms pertaining to PSL, defendant certified that he marked the forms "N/A." A review of the form entitled "Parole Supervision for Life" reflects "N/A" is circled, but crossed out, and "yes" is also circled.

During the plea hearing, the prosecutor advised the court that defendant had completed the required forms including the "four-page supplemental, which is additional questions for certain sexual offenses. That contains the registration requirements, the Megan's Law parole supervision for life." The court asked defendant, "do you remember going over these extensive forms that set forth all your obligations relative to an Avenel evaluation, parole supervision for life, et cetera?" Defendant responded "[y]es," adding "I understand what was on the forms and I understand what the prosecutor told my attorney."

The following colloquy took place when the judge asked defendant if he had any questions of his attorney.

> [Defendant:] No. I would just say, Your Honor, that one of the questions on the form says something about lifetime parole. And I didn't understand it at first and my attorney went to the prosecutor and the prosecutor explained that's a part of parole. The supervision would be in terms of the reporting, the Megan's Law reporting.
>
> . . . .
>
> [Defendant:] Not parole for life as someone coming out of the penitentiary.
>
> . . . .
>
> [Defendant:] That was my only concern.
>
> [Court:] It's part of the Megan's Law requirements. Do you understand that now?
>
> [Defendant:] Yes, sir.

Defendant and his wife stated in their affidavits that trial counsel told defendant prior to the plea that PSL had no travel or residential restrictions, it merely permitted the State Parole Board to supervise defendant's reporting to local authorities. Defendant states this is consistent with the annual reporting requirements in Pennsylvania as he understood them based on his previous conviction for a sexual offense in that state.

In dismissing defendant's PCR petition, the judge noted defendant had been apprised of the reporting requirements.

However, defendant's contention, supported by the record, is he did not have a concern with "reporting requirements," but if he had known about the travel and residential restrictions, he would have refused to plead guilty. And, although defendant stated at the PCR hearing he neither signed the PSL form[1] nor crossed off "N/A" and circled "yes" to any of the PSL questions, this issue was not addressed by the PCR judge.

In State v. Maldon, 422 N.J. Super. 475, 478 (App. Div. 2011), we considered a similar issue. There, "N/A" had been circled next to a question asking if defendant understood he could be involuntarily civilly committed if, after an evaluation, he was found to be a sexually violent predator. Ibid. We remanded for an evidentiary hearing, noting "if a defendant is affirmatively misinformed about a collateral consequence that is a central issue to the plea negotiations, the plea may not be knowing and voluntary." Id. at 485. It was error for the PCR court to conclude defendant had not been misinformed about a collateral consequence of the plea without an evidentiary hearing, "which would have provided a complete factual record." Id. at 485.

---

[1] The signature on the PSL page appears to differ from defendant's signature on other pages.

This case requires the same result. Defendant is entitled to an evidentiary hearing on his claim that his attorney misadvised him about the PSL restrictions stemming from his plea. Because defendant's other claims involve distinct, but factually overlapping issues pertaining to the plea negotiations, those claims should also be reinstated and all issues addressed in the evidentiary hearing. See State v. O'Donnell, 435 N.J. Super. 351, 377 (App. Div. 2014). We offer no opinion on the merits of defendant's underlying claims.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION